47 So.2d 174·

**CITY OF BIRMINGHAM v. BOWEN.**

**6 Div. 889.**

Supreme Court of Alabama.

March 30, 1950.

Rehearing Denied May 18, 1950.

On Motion to Modify June 22, 1950.

Wm. L. Clark, of Birmingham, for appellant.

D. G. Ewing, of Birmingham, for appellee.

SIMPSON, Justice.

Appeal by the City of Birmingham, Alabama, from a judgment for personal injuries suffered by the plaintiff for the negligence of the City in failing to properly maintain a walkway over a water drain on 20th Street.

■ The governing rule is well understood. It was the duty of the City to exercise reasonable care in maintaining said sewer so that the public might use the walkway in safety. City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382(10); City of Birmingham v. Crane, 175 Ala. 90, 56 So. 723.

■ In such an action, the burden is on the plaintiff to establish that the City either had actual knowledge of the defective condition of the walkway or that the defect had existed for such length of time as to raise a presumption of knowledge. City of Birmingham v. Martin, 228 Ala. 318, 153 So. 235; Town of Cullman v. McMinn, 109 Ala. 614, 19 So. 981.

■ On a careful review of the evidence, it must be affirmed that the trial court refused for the defendant the requested affirmative charge without error. Although there was no proof of actual knowledge of the defect, the facts sufficiently establish such constructive notice as made the question of liability one for the jury. The drain or sewer was along the west curb line of 20th Street and was spanned by a metal lid weighing about 300 pounds, which furnished a walkway or pass way from the curb to the street. According to some tendencies of the evidence, the base upon which this cover was supposed to rest stationary was "sloughed off" and worn away to such an extent that there was not sufficient support to keep the lid in place, as a consequence of which when the plaintiff, in starting to cross the street, walked upon the cover, it slipped from its base, fell into the "hole" and caused the plaintiff also to fall, from which he suffered serious and permanent injuries. From the appearance of the walkway as described by the witnesses, this was not a new defect, but was the result of years of deterioration, the walkway having been in use for approximately thirty-five years without any repairs, and although the City made periodic inspection of the surrounding conditions, the under-surface of the base of this crosswalk had never been inspected. It is fairly deducible that by a proper inspection, this dangerous condition would have been readily discernible and while there is no proof of actual notice, sufficient circumstances were proven from which it may be inferred that the defect should have been discovered. Under such circumstances, the municipal authorities were properly chargeable with constructive notice and the affirmative charge was properly refused.

■ The verdict was responsive to this disputed issue and was well supported by the evidence and under the usual presumptions obtaining, the refusal of the trial court denying the motion for a new trial on the weight of the evidence must also be affirmed. New York Life Ins. Co. v. Turner, 213 Ala. 286(10), 104 So. 643.

■ Error is claimed in the following argument to the jury by counsel for the plaintiff: "Now, gentlemen of the jury, he said something here about no complaint—no complaint before. He says there wasn't any evidence that this thing was ever placed back on after Mose Sims [another person] fell. I take it he says Mose fell about twelve or one o'clock. Mose says he fell some time after nine o'clock and before twelve o'clock. He says that there is no evidence it was ever placed back in place. What about Mr. Bowen's testimony? Wasn't it undisputed it was there when he stepped on it. Is this jury going to assume that that thing was left open—nobody placed it back. Somebody placed it back. We don't have that evidence; the City of Birmingham might have it; I don't know. We don't."

There was proof which raised a substantial inference that the gutter cover had been replaced after Mose fell in the same hole and counsel was within the proprieties to discuss that phase of the evidence. Considerable latitude is permitted counsel in arguing the evidence and the reasonable inferences arising, and we do not think this argument out of line.

■ The following argument of plaintiff's attorney to the jury was also objected to by the defendant: "We had a picture—this picture here shows the general condition that was on—the position of it. There is no picture of the underside. I guess one could be made. He asked why didn't we take it. I will tell you why. We presumed that the jury would be allowed to go out there and look at it themselves."

The court promptly sustained defendant's objection and excluded the argument, and in overruling the motion for a mis-trial on this ground, also admonished the jury as follows:

"Gentlemen, the matter of whether or not the jury shall be allowed or permitted to visit the scene which is involved in the case, is a matter to be ruled on by the Court. Not for the parties; not by either one of these gentlemen. The Court had that question under consideration and the Court determined it. These gentlemen didn't determine it. I determined against it and I had two or three reasons for it. One of them was the condition of the weather, to be frank. But that wasn't the main reason. The main reason I determined against it was the fact that this same thing is said to have happened in the summer of 1947, which is about a year and a half ago and while there is some testimony on the subject of whether or not there has been any changes; yet there is some other testimony, I believe that has to do with the question of whether or not the lid in recent days might have been moved along that edge of the curb there; who did it, how it was done, what happened when it was done; all those things lead me to think since we are trying the question of what the condition was then; not the question of what it is now; I ruled I should not let you gentlemen inspect it. It is my decision; not the decision of either one of these gentlemen. I think I have correctly decided the question under the law and the burden rests on me; it didn't rest on these gentlemen.

"What Mr. Ewing has said, I have sustained the objection to it and I have excluded it. It is not offered in criticism of Mr. Clark or the city, it is not to be determined by the City or the plaintiff. That is not up to the city or the plaintiff, but it is up to the Court. I am the one that made the decision.

"I will overrule your motion."

Jurors are intelligent men and it is not to be presumed that they will be influenced by every little contended misconduct which might crop into the trial of a case, and undoubtedly the prompt and preemptory redress delivered by the court eradi-

cated whatever prejudice, if any, might have attended counsel's remarks. There was no error to reverse in refusing the motion for a mistrial.

■ It is also insisted that error prevailed in the action of the trial court in permitting the plaintiff to show compliance with § 503, Title 37, Code, by demanding of the mayor the name of any other person as may be liable jointly with the municipality and that the mayor had failed to furnish the name of any such person. The argument seems to be that since the City was not contending for any joint liability of some other person with the City, it was prejudicially erroneous to allow this proof. The argument is untenable. Regardless of whatever might be the defendant's contention, there could be no possible error in the plaintiff's proof of compliance with the law of the case. Moreover, the trial court carefully explained the pertinent statute to the jury and the purpose of the proffer by the plaintiff of such proof and if there had been error it was thus rendered innocuous. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ The remaining propositions advanced for error relate to the refusal of certain special written charges requested by the defendant. Only brief treatment will be accorded them, without determining their legal correctness, since on a careful review of the record, we have concluded they were covered by the court's general oral charge, when considered with the other written charges given for the defendant.

■ Refused charges 5, 6, and 7 were designed to enunciate the essentiality of unanimity of conclusion by the jury, based on a reasonable satisfaction from the evidence before rendering a verdict for the plaintiff, and without which the plaintiff could not recover. Under authority of our cases, the trial court might well have given these charges without risking error, but we think given charge 4, in connection with the court's oral charge that: "Now, gentlemen, it is for you to say in the case; you heard the testimony. * * *

It is for you to say from all the evidence in this case; you heard it all * * * before the plaintiff could recover, gentlemen, the law says the *plaintiff would have the burden of reasonably satisfying you twelve men of the truth of each one of the material parts of its complaint * * *.*" (We italicize.) substantially postulates the same principle and we will not declare error for the refusal of these charges.

We, of course, are familiar with the cases cited by appellant in brief and he correctly states that a charge similar to refused charge 6 in this case was made the basis of a reversal in Birmingham Ry., Light & Power Co. v. Humphries, 171 Ala. 291, 54 So. 613; and refusal of a charge similar to charge 7 in this case was held error in Langhorne v. Simington, 188 Ala. 337, 66 So. 85; and that charges similar to one or the other of said refused charges 5, 6, and 7 were approved in Louisville & N. R. Co. v. Steverson, 220 Ala. 158, 124 So. 205, and Nelson v. Lee, 249 Ala. 549, 32 So.2d 22. Other and early decisions giving approval of charges like unto those here involved and affording the basic authority for the cases, supra, might have been added. Carter v. State, 103 Ala. 93, 15 So. 893; Hale v. State, 122 Ala. 85, 26 So. 236; Birmingham Ry., Light & Power Co. v. Moore, 148 Ala. 115, 42 So. 1024.

But the essential conclusion reached by us is that refused charges 5, 6, and 7 were in substantial effect covered by given written charges and the oral charge of the court. Numerous written charges requested by the defendant requiring matters to be proven to the satisfaction of the jury were given. The only difference between charges given and said charges 5, 6, and 7 lies in the fact that in the former the term *jury* was employed, while in the latter *any individual juror* or *each juror* was used. Additionally, as above noticed, the trial court in its oral charge also instructed the jury upon this matter so that the matter of proof to the satisfaction of the jury as a prerequisite to plaintiff's right of recovery was not only covered but in fact emphasized. While we are aware that

"the law contemplates a unanimous verdict", Alabama Great Southern R. Co. v. McWhorter, 156 Ala. 269, 282, 47 So. 84, 88, and that these refused charges were designed to enunciate that principle, it is manifest to us that this feature of the charges was likewise substantially covered by the given instructions to which we have alluded, in connection with the quoted portion of the oral charge requiring the reasonable satisfaction of "you twelve men."

We might also add that, notwithstanding the frequent approval of charges in the terms of the three here under consideration, it has long been recognized that inherent in them was a probable tendency to mislead. In the case of Birmingham Ry., Light & Power Co. v. Moore, supra, Justice Denson (Chief Justice Weakley concurring) vigorously and cogently dissented from the majority holding, giving approval to a similar charge, pointing out the tendency of such instructions to individualize the jury, to keep apart rather than bring together the minds of the jury. Justice Somerville made a like observation, with respect to a similar charge, in the case of Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas.1916A, 543. And later cases, and cases from the Court of Appeals, have leaned toward a condemnation of "single juror" charges. Ex parte State ex rel. Attorney General (Jones v. State), 213 Ala. 390, 104 So. 773; Russo v. State, 236 Ala. 155, 159, 181 So. 502; Millhouse v. State, 235 Ala. 85, 117 So. 556; Burkett v. State, 215 Ala. 453, 111 So. 34; Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885. While it is not our purpose here and now to undertake a reconsideration of the validity of such charges and those of our cases giving them approval, we make these observations as indicating the inescapable conclusion that such charges are, to say the least, *sui generis*. Though proper in the abstract or in a single instance to point out the essential unanimity of a jury verdict, if repeated or given undue emphasis, in terms or in substance, they would tend to mislead.

But we forego further comment. We adhere to the conclusion that the three charges considered were substantially covered by given written instructions, in connection with the oral charge, and hence that their refusal was, if error, without injury to the substantial rights of appellant. Code 1940, Title 7, § 273; Supreme Court Rule 45, Code 1940, Title 7, p. 1022.

Charge 19 is considered as having been refused without error, other reasons aside, in that it was substantially covered by given charges 18 and 20, when taken in connection with the oral charge of the court.

So also charge B, when considered in connection with the oral charge of the court and given charges 14, 22, 23, 24, 25, and 26.

We think an affirmance of the judgment is due and it is so ordered.

Opinion modified, judgment affirmed, and application for rehearing overruled.

BROWN, FOSTER, LIVINGSTON, LAWSON and STAKELY, JJ., concur.

### On Motion to Modify Final Judgment of Affirmance

PER CURIAM.

After final affirmance of the judgment and the interposition of the 10% penalty prescribed by Code 1940, Title 7, § 814, appellant moved for a remission of said penalty and an amendment of the judgment to that extent on the ground that § 690, Title 62, Code, allowing the City of Birmingham to appeal without bond, effectively excluded said city from the provisions of § 814 providing for the penalty. On a careful consideration, the court is of the opinion that the motion is not well taken and that the penalty is assessable against the City of Birmingham as against any other appellant.

True, § 814 does stipulate for the assessment of the 10% penalty where the judgment has been superseded "by the execution of bond, with surety." But this

court held in City of Birmingham v. Simmons, 222 Ala. 309, 132 So. 322, 323, 74 A.L.R. 766, that said § 814, providing for the penalty, applied to an affirmance of a judgment even though the general statute, now § 443, Title 37, eliminated the necessity for a *surety* on the supersedeas bond of a municipality. The statute as regards Birmingham has only gone one step further and eliminated the necessity for giving any bond at all to supersede the judgment. Nevertheless, the judgment is superseded when the prescription of § 690 is followed and, in our view, the real purpose of § 814 was to provide appellee litigants with the additional damages from superseded judgments when an affirmance has been ordered. Such was the import of the holding in City of Birmingham v. Simmons, supra, where it was said: "We are also of the opinion that section 6153 [presently § 814, Title 7, Code] applies to an affirmance of all judgments or decrees for money regardless of the nature or character of the defendant; that is, includes judgments against municipalities." 222 Ala. 310, 132 So. 323.

We think under authority of City of Birmingham v. Simmons, supra, the City of Birmingham, like all other parties defendant mentioned in § 814, is subject to the penalty therein provided for.

Motion overruled.

All the Justices concur except GARDNER, C. J., not sitting.