126 So.2d 121

A. C. NIX

v.

STATE.

5 Div. 568.

Court of Appeals of Alabama.

June 30, 1960.

Rehearing Denied Aug. 16, 1960.

See also 39 Ala.App. 566, 104 So.2d 903.

Glen T. Bashore and Walter C. Hayden, Jr., Clanton, for appellant.

MacDonald Gallion, Atty. Gen., and John G. Bookout, Asst. Atty. Gen., for State.

PRICE, Judge.

The defendant was indicted for and convicted of the offense of burglary with intent to rape. Title 14, Sec. 85, Code of 1940.

Nina Faye Nix testified she lived at Maplesville, in Chilton County. At about 11 o'clock on Saturday night, August 9, 1958, A. C. Nix, who was the uncle of her husband, came to her home, stayed about an hour and then left. At 1:00 o'clock she awoke and discovered defendant in her livingroom. After a struggle he overpowered and raped her. He then offered her money, but she refused it. She testified her husband was not at home and the house was locked. The next morning it was discovered that the screen to a back window was torn.

The Sheriff of Chilton County testified that on Monday morning, August 11, 1958, he made an investigation of the premises. He found that in the back bedroom the screen to a window, measuring about 36 inches across, had been pulled up and bent back leaving a large opening two-thirds the size of the window. He testified the screen appeared to have been pulled partly open prior to the alleged incident, but appeared to have been torn the rest of the way recently.

Defendant testified that he had started coon hunting and stopped and visited with Nina Faye for awhile. He and Nina Faye agreed that he would return later and they would have sexual relations. After a short time he went back to the house and in accordance with her promise the back door was left partly open; that he entered the house through the door and she had sexual intercourse with him under an agreement that he was to pay her $20; that he told her he only had $5 and offered it to her, but she refused to accept it; that he promised if she would not tell, he would pay her the $20 the following Monday or Tuesday.

Defendant further testified that he had had sexual intercourse with Nina Faye on two previous occasions. This was denied by Nina Faye.

The conflicting evidence presented questions for the jury's determination. There was no error in the court's denial of the defendant's motion to exclude the evidence made at the close of the state's evidence in chief, nor in the refusal of the requested affirmative charge.

Counsel for appellant urges that the trial court was in error in refusing to grant the motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence.

It is insisted that the prosecuting witnesses' account of the alleged incident was an implausible one because of (1) the relative sizes and ages of the parties; Nina Faye being twenty-five years of age, five feet seven inches tall, weighing 150 pounds, and in good physical condition. A. C. Nix was forty-eight years old, the same height as Nina Faye, and weighed 180 pounds; (2) there were no scratches or bruises on either of the parties after the alleged incident and Nina Faye did not consult a doctor.

■■ We have repeatedly declared that the trial court's decision denying a new trial on the ground of insufficiency of the evidence to support the conviction will not be reversed unless the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

It is our conclusion that the ruling of the trial court in denying the new trial should not be disturbed in the case at bar.

The appellant asserts as error the refusal of the trial court to charge the jury as follows:

"6. The Court charges the jury that each and every juror must be convinced beyond all reasonable doubt of the defendant's guilt before you can convict him."

■ In City of Bessemer v. Clowdus, 261 Ala. 388, 74 So.2d 259, it is stated that it is now the tendency of the court to hold that the refusal of such a charge is not reversible error. It is never reversible error to refuse it if the principle involved is covered in the given charges, or the court's oral instructions. City of Birmingham v. Bowen, 254 Ala. 41, 47 So.2d 174. Southern Railway Company v. Stallings, 268 Ala. 463, 107 So.2d 873.

The charge was not covered in this case, however, it was properly refused for the reason that it was not hypothesized upon belief from the evidence. Payne v. State, 261 Ala. 397, 74 So.2d 630; Wesson v. State, 251 Ala. 33, 36 So.2d 361; Bush v. State, 211 Ala. 1, 100 So. 312.

We find no reversible error in the record, the judgment of the lower court is affirmed.

Affirmed.