188 So.2d 281

**CITY OF TROY**

v.

**James Max McLENDON.**

**4 Div. 156.**

Supreme Court of Alabama.

June 16, 1966.

Oliver W. Brantley, Troy, for appellant.

Jas. G. Clower, Troy, Truman Hobbs, Montgomery, for appellee.

GOODWYN, Justice.

On appellee's petition, this case (City of Troy v. McLendon, 278 Ala. 704, 180 So.2d 538) was placed on the rehearing docket on December 27, 1965, for the limited purpose of determining whether it was error not to include in the judgment of affirmance (rendered October 21, 1965, and rehearing denied December 9, 1965) the 10% damages provided for by Code 1940, Tit. 7, § 814, as amended by Act No. 724, appvd. Sept. 5, 1951, Acts 1951, Vol. II, pp. 1275–1276. The pertinent part of amended § 814 is as follows:

"When a judgment or decree is rendered for money, whether debt or damages,

and the same has been superseded on appeal by the execution of bond, with surety, if the appellate court affirms the judgment of the court below, it must also render judgment against all or any of the obligors on the bond, for the amount of the affirmed judgment, ten percent damages thereon, and the costs of the appellate court; * * *."

The specific question is whether there should have been judgment for the penalty even though the judgment appealed from was not superseded by the City's execution of a supersedeas bond.

Our conclusion is that the penalty was properly excluded.

■■ This is a suit by an employee of the City to recover damages for personal injuries received while working as a member of a line crew of the City-owned electrical distribution system, and is grounded on the foreman's negligence in supervising the work. In operating this system the City was exercising a proprietary or business function and not a "governmental or public function." For this reason, aside from any other, the following from Cartee v. Hubbard, 275 Ala. 356, 358, 155 So.2d 309, 311, has no application here:

"* * * [A]s to municipalities perfecting appeals in judgments concerning the performance of governmental or public functions, the appeal itself will divest the lower court of jurisdiction in the cause and will supersede all further proceedings in the lower court looking toward the enforcement of the judgment."

Controlling in this case are § 814, Tit. 7, as amended, supra, and § 443, Tit. 37, Code 1940. Section 443 provides as follows:

"*The mayor* shall see that all contracts with the town or city are faithfully kept or performed. He *shall execute all* deeds and contracts, and *bonds required in judicial proceedings for and on behalf of the city or town, and no sureties shall be required on such bond.* He shall perform such other executive duties, in addition to those herein prescribed, as may be required of him by the council." [Emphasis supplied.]

The forerunners of these two sections were considered in City of Birmingham v. Simmons, 222 Ala. 309, 132 So. 322, 74 A.L.R. 766. There, the City gave a supersedeas bond signed by the Mayor, but without any surety thereon. It was held that the penalty was properly added to the judgment. See, also, City of Anniston v. Hillman, 220 Ala. 505, 507, 126 So. 169, where it was held that the Mayor was authorized to execute a supersedeas bond without surety.

■ When a municipality is exercising a proprietary or business power, "as to such business it is governed by the same rules of law which are applicable to ordinary business corporations." See: City of Decatur v. Parham, 268 Ala. 585, 591, 109 So.2d 692, and cases there cited.

■■ We hold there can be no penalty in this case since the City gave no supersedeas bond. Section 814 provides for the penalty when there is a supersedeas bond, with surety, but § 443 and § 814 are in pari materia and, when construed together, there appears a clear legislative intention to authorize a municipality to give a supersedeas bond without surety. See: City of Birmingham v. Simmons, supra; City of Anniston v. Hillman, supra. In the case before us there is not any semblance of a supersedeas bond, either with or without surety.

In City of Birmingham v. Bowen, 254 Ala. 41, 46–47, 47 So.2d 174, there was involved a special statute (Code 1940, Tit. 62, § 690) applicable only to the City of Birmingham. It was held that this statute had the effect of subjecting the City to the provisions of § 814 without the giving of a supersedeas bond. We find no similar statute applicable to the City of Troy.

Appellee relies on City of Montgomery v. Jones, 277 Ala. 617, 173 So.2d 781, where

the 10% penalty was added. An examination of the original record of that case discloses there was a supersedeas bond signed by the mayor, without surety.

Rehearing denied.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.