**Bevelon D. LOCKE, et al.,
Plaintiffs-Appellees,**

**v.**

**ALLSTATE INSURANCE COMPANY,
Defendants-Appellant.**

**No. 82–7058.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 3, 1983.

Michael Gillion, E.J. Saad, Mobile, Ala., for defendant-appellant.

Bert S. Nettles, Mobile, Ala., for plaintiffs-appellees.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

BY THE COURT:

The sole question before us is whether Ala.Code § 12–22–72 (1975) applies in this case.  Section 12–22–72 provides in relevant part:

---

When a judgment or decree is entered or rendered for money, whether debt or damages, and the same has been stayed on appeal by the execution of bond, with surety, if the appellate court affirms the judgment of the court below, it must also enter judgment against all or any of the obligors on the bond, for the amount of the affirmed judgment, 10 percent damages thereon, and the cost of the appellate court . . . .

The instant case involves a money judgment, which was stayed pending appeal, and which was subsequently affirmed on appeal by this court in an unpublished opinion by this panel. Appellees have now moved for assessment of the 10 percent allowance.

The former Fifth Circuit has held that Alabama's 10 percent penalty must be applied by federal courts in diversity cases. *Proctor v. Gissendaner,* 587 F.2d 182, 184 (5th Cir.1979).[1]

In *Chapman v. Rivers Construction Co.,* 284 Ala. 633, 227 So.2d 403, 414 (1969), the Alabama Supreme Court restated "[t]he rule for determining when an appellee is entitled to the 10% penalty." *Id.* That rule establishes three conditions which must be satisfied before the 10% penalty is assessed.

> The conditions are (1) a moneyed judgment or decree; (2) that it is superseded on appeal by bond; (3) and an affirmance of that judgment on appeal. The only province of this court is to determine whether those conditions exist. When so, we have no discretion.

*Chapman v. Rivers Construction Co.,* 227 So.2d at 414 (quoting *Snellings v. Builders' Supply Co.,* 229 Ala. 1, 155 So. 858, 858 (1934)).

Appellant's argument centers on *Chapman's* second condition. According to appellant, the statutory 10 percent penalty applies only when judgment has been stayed on appeal by execution of a bond with surety, and appellant suggests that in the instant case there was no bond because cash was deposited with the Clerk of Court in lieu of a supersedeas bond.

We reject appellant's position. In the first place, *Chapman's* condition relating to the supersedeas bond must be understood in the context of Alabama practice and procedure. Rule 8(a) of the Alabama Rules of Appellate Procedure states that "[t]he appellant shall not be entitled to a stay of execution of the judgment pending appeal (except as provided in ARCP Rule 62(e)) unless he executes bond with good and sufficient sureties . . . ." Ala.R.App.P. 8(a).[2] In a case deciding that the trial judge has no discretion in setting the amount of the supersedeas bond, the Alabama Supreme Court described Rule 8(a)'s language as "mandatory." *Spriggs Enterprises, Inc. v. Gulf Oil Corp.,* 376 So.2d 1088, 1089 (Ala. 1979). The Alabama Supreme Court has explicitly stated "that an appeal does not ordinarily supersede the judgment in the absence of a supersedeas bond." *Moore v. LeFlore,* 288 Ala. 315, 260 So.2d 585, 588 (1972).[3] All of this suggests that posting a surety bond is, in the usual case, the only means by which an appellant can stay execution of a money judgment in Alabama. Because Alabama practice does not contemplate an alternative to posting bond in ordinary cases, the second *Chapman* condition was understandably stated in terms of a supersedeas bond only.

We note that a cash deposit fully serves the purpose of a surety bond, and we con-

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

2. Rule 62(e) concerns a stay in favor of the State of Alabama or an agency thereof. Ala.R. Civ.P. 62(e).

3. Although *Moore v. LeFlore, supra,* was concerned with §§ 793, 794 and 795 of the 1940 Alabama Code, the Alabama Supreme Court has made clear that "since the former statutes [§§ 793, 794 and 795] governing supersedeas bonds were incorporated in Rule 8 without substantial change, former decisions interpreting those statutes govern interpretation of the rule." *Ex parte Home Indemn. Ins. Co.,* 374 So.2d 1356, 1358 (Ala.1979).

clude that the Alabama Supreme Court, if presented with this issue, would treat the two as equivalent for purposes of applying the 10 percent penalty. Indeed, the Alabama Supreme Court has said that the 10 percent penalty "applies where a supersedeas bond is or could be made." *Southern Electric Generating Co. v. Lance,* 269 Ala. 25, 110 So.2d 627, 634 (1959).

Our conclusion is supported by the rationale of three Alabama cases—*City of Anniston v. Hillman,* 220 Ala. 505, 126 So. 169, 170 (1930); *City of Birmingham v. Simmons,* 222 Ala. 309, 132 So. 322, 323 (1931); and *City of Birmingham v. Bowen,* 254 Ala. 41, 47 So.2d 174, 179–80 (1950). In *City of Anniston v. Hillman, supra,* the appellant-city posted bond without surety, and the appellee moved to dismiss the appeal "for want of a proper supersedeas bond." 126 So. at 170. Based on an Alabama statute which permitted cities to post bonds in judicial proceedings without sureties, the Alabama Supreme Court denied this motion to dismiss. In so doing, the Alabama Supreme Court established the proposition that bond without surety can be an appropriate means to stay execution of a judgment against a municipality pending appeal, even though bond with surety is normally required.

*City of Birmingham v. Simmons, supra,* extended this proposition to 10 percent penalty cases. The appellant-city had argued that since the city had posted bond without surety, the judgment had not been superseded. Therefore, the city concluded, the 10 percent was inapplicable. The Alabama Supreme Court, relying on *City of Anniston v. Hillman,* assessed the 10 percent penalty.

Finally, in *City of Birmingham v. Bowen, supra,* the Alabama Supreme Court applied the 10 percent penalty even though the appellant there, the City of Birmingham, was not required to, and did not in fact, post any supersedeas bond. An Alabama statute permitted the City of Birmingham to appeal without bond. The Alabama Su-

preme Court applied the 10 percent penalty, noting that the statute's purpose was to provide appellee litigants with additional damages from superseded judgments when an affirmance has been ordered. 47 So.2d at 179–80.

Another case, *City of Troy v. McLendon,* 279 Ala. 553, 188 So.2d 281 (1966), does not alter our conclusion. While the Alabama Supreme Court declined to assess the 10 percent penalty, there the City of Troy had evidently appealed without posting any bond at all and was not entitled to a stay of execution of the judgment pending appeal. The court distinguished *City of Birmingham v. Bowen,* which relied on a statute which specifically allowed the City of Birmingham, and only that city, to appeal without posting any bond whatsoever. However, the crucial fact in *City of Troy v. McLendon* is that the City of Troy appealed without posting any bond at all, and there is no suggestion that the City of Troy deposited cash or any other equivalent of a bond.[4]

Properly understood, *City of Troy* leaves intact the prior case law. Although *City of Troy* distinguishes *City of Birmingham v. Bowen,* it expresses no criticism of either its holding or its rationale. And *City of Troy* expressly reaffirms *City of Birmingham v. Simmons* and *City of Anniston v. Hillman,* which together indicate that the 10 percent penalty is appropriate when a municipality posts supersedeas bond without surety, notwithstanding the Alabama statute's general requirement of a bond *with surety.* We conclude that the instant case is controlled by *City of Birmingham v. Bowen* and *City of Birmingham v. Simmons,* and not by *City of Troy.* In both *Bowen* and *Simmons,* but not in *City of Troy,* the appellant complied with the appropriate procedure for obtaining a stay of the judgment pending appeal. As in *Bowen* and *Simmons,* appellant here complied with the appropriate procedure for obtaining a stay of the judgment pend-

---

4. Under these circumstances, the City of Troy was not entitled to stay the judgment pending appeal. *See Ex parte Dekle,* 278 Ala. 307, 178 So.2d 85, 87 (1965) (when "an appeal [under § 792, Code of 1940, which required a superse-

deas bond] is taken without giving a supersedeas bond, *the right of the appellee to enforce the judgment is not suspended during the appeal*") (emphasis in original).

ing appeal. Indeed, the cash deposit in the instant case is more nearly the equivalent of bond with surety than was the case in either *Bowen* or *Simmons.*

We find little force in appellant's reliance upon an unpublished order of a single judge of this court in *Chancery v. Trinity Universal Insurance Co. of Kansas, Inc.,* No. 80–7972 (11th Cir. Dec. 9, 1981), refusing to apply the 10 percent penalty where cash was deposited in lieu of a bond with surety. Although Fed.R.App.P. 27(c) and Eleventh Circuit Rule 17(d) provide for an appeal of a single judge order to a three-judge panel, the single judge order in *Chancery* was not reviewed by a three-judge panel. Accordingly, we hold that the single judge order in *Chancery* is not binding upon us. *See Wilson v. Taylor,* 658 F.2d 1021, 1035 (5th Cir. 1981) (Unit B);[5] *Hernandez v. City of Lafayette,* 643 F.2d 1188, 1192–93 (5th Cir. 1981).

Concluding that the cash deposit in the instant case is the equivalent of bond with surety, the 10 percent assessment mandated by the Alabama statute shall be assessed against appellant.

IT IS SO ORDERED.

---

5. In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit. *Id.* at 34.