JONES, Justice
(concurring in part and dissenting in part).
This petition presents the question whether an injured employee of the Alabama State Docks (“ASD”) is precluded by Ala. Constitution 1901, Art. I, § 14, from suing ASD’s administrator of the legislatively created ASD workmen’s compensation escrow fund. By quashing the writ and allowing the Court of Civil Appeals opinion to stand, the majority has effectively denied the petitioner the right to pursue the very remedy provided by the Workmen’s Compensation Act (“the Act”), the benefits of which are expressly authorized and made applicable to injured ASD employees pursuant to Ala. Code 1975, § 33-1-25.
In October 1986, the petitioner, James A. Bowden, suffered a debilitating injury while employed by the ASD. Bowden received certain periodic compensation payments from Southern Risk Services, Inc. (“SRS”), the workmen’s compensation administrator for ASD, from the ASD Escrow Account. When Bowden’s benefits were terminated, he filed suit against SRS, National Union Fire Insurance Company (“National”), ASD Escrow Account, and ASD.
In granting the defendant’s motion for summary judgment, the trial court stated, in pertinent part:
“The Court finds that Defendant Alabama State Docks Department is immune from suit in this case pursuant to the provisions of the Constitution of Alabama, 1901, Article 1, Section 14. There is no dispute as to any material fact that the Alabama State Docks Department is an agency of the State of Alabama. There is no dispute as to any material fact that Southern Risk Services is an agent for the Alabama State Docks.... There is no dispute as to any material fact that National Union Fire Insurance Company of Pittsburgh, PA was not the workmen’s compensation insurer for, the Alabama State Docks Department at the time of this accident.... There is no dispute as to any material fact that the Escrow Account which Plaintiff seeks to sue in this case is an account of the Alabama State Docks Department.... There is no dispute as to any material fact but that the Alabama State Docks Department has not waived its sovereign immunity as to this investigation.”
*816 The Court of Civil Appeals, with an opinion, affirmed the trial court’s judgment. I would affirm the judgment as to National, the ASD Escrow Account, and ASD; however, I would reverse as to SRS and remand for a hearing pursuant to Title 25, Chapter 5, Art. 3 (§ 25-5-50 et seq.).
Admittedly, there are cases in abundance sustaining the proposition that ASD and its agencies are immune from suit under the doctrine of sovereign immunity. State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581 (1932); see, also, Jones v. Alabama State Docks, 443 So.2d 902 (Ala.1983). Heretofore, however, this “cloak” of immunity has not been extended to independent contractors doing work for the state. Evans v. Patterson, 269 Ala. 250, 112 So.2d 194 (1959).
In an attempt to ameliorate the hardships and inequities caused by the sovereign immunity defense, the legislature provided in § 33-1-25 for a direct right of action by an ASD employee against the insurance carrier for the enforcement of any claims or causes of action, while at the same time preserving the immunity of the ASD. See Centraal Stikstof Verkoopkanter, N.V. v. Walsh Stevedoring Co., 380 F.2d 523 (5th Cir.1967).
Another pertinent portion of § 33-1-25 provides:
“The liability under any such policy or contract of insurance, arising out of such facts and circumstances as would bring such claim or cause of action within the provisions of chapter 5 of Title 25 of the Code [Alabama Workmen’s Compensation Act], if the department were subject to the provisions of said law, shall be governed by the provisions of said law....”
The legislation in this section is broad enough to incorporate into that section the whole of the Workmen’s Compensation Act. Similarly, the word “liability” as used in this section can be construed so as to authorize an ASD employee, in an action against the insurer of ASD, to utilize all of the provisions of the Workmen’s Compensation Act. Hale v. United States Fid. & Guar. Co., 45 Ala.App. 379, 231 So.2d 156 (1970).
A simple reading of the claims service agreement between SRS and ASD suggests that SRS is an independent contractor with discretion to adjust compensation as it deems appropriate. In other words, the claims service agreement is devoid of any language tending to reserve any right of control by ASD. Moreover, in support of its motion for summary judgment, the defendants submitted, among other items, the affidavit of Frank C. Daniels, safety director of ASD. That affidavit reads, in pertinent part, as follows:
“The Plaintiff, James A. Bowden, ... filed his Complaint for workmen’s compensation benefits for an injury he allegedly received in an accident on October 13, 1986, while he was employed with the Alabama State Docks Department.... Defendant Southern Risk Services was an independent contractor hired by the Alabama State Docks Department and paid to administer the workmen’s compensation program provided by the Alabama State Docks Department.”
While workmen’s compensation coverage under § 33-1-25 is permissive and not mandatory, where, as here, coverage has been provided by establishing an escrow fund out of which benefits are to be paid, and where, as here, ASD has contracted with SRS for the administration and payment of claims from such a fund, SRS is the appropriate entity to be made a party defendant for the adjudication of a disputed claim. To hold otherwise is to give less than full operative effect to the will of the legislature in providing workmen’s compensation benefits to an injured ASD employee, where, as here, the coverage option has been exercised by ASD. This conclusion also comports with the legislature’s directive to preserve ASD’s immunity status, while at the same time affording the injured ASD employee full adjudicatory rights as contemplated by the Act and also providing SRS the right to indemnification for all payments and expenses thereby incurred.
*817 It is interesting to note in passing that this procedure is exactly parallel to that procedure now followed with respect to the handling of state employees’ health benefits claims. No one to my knowledge has ever suggested that, because a portion of the escrow fund from which health claim benefits are paid is appropriated by the legislature and paid to Blue Cross, a claimant under the plan is precluded from bringing a direct action against Blue Cross for a adjudication of the disputed claim.
SRS contends that the petitioner’s exclusive remedy is his right to file a claim with the Alabama Board of Adjustment, as provided by §§ 41-9-60 through -74. The lack of appellate review is only one of several reasons why the Board of Adjustment procedure is not a viable substitute for the adjudication of the petitioner’s claim under the Act. The most valid distinction, of course, is that approval of claims by the Board of Adjustment is a matter of grace, not of right.
I would reverse the judgment of the Court of Civil Appeals with respect to the trial court’s dismissal of SRS as the appropriate party defendant and remand the cause for the Court of Civil Appeals to remand for trial.
ADAMS and KENNEDY, JJ., concur.