INGRAM, Justice.
The plaintiff appeals from a summary judgment entered in favor of the defendant, Southern Rock, Inc., in a wrongful death action.
Southern Rock contracted with the Army Corps of Engineers to improve or channelize the bed of Eslava Creek downstream from the southern edge of the bridge/culvert under Government Boulevard in Mobile. Neither party disputes that the work of Southern Rock did not alter the roadway or the culvert in any way.
Shortly after Southern Rock began its work, Tyrone LeBaron Millender (“the decedent”) was killed when the car in which he was riding slid across Government Boulevard and down the culvert, landing in the creek bed near where Southern Rock was working. Alice Marie Millender, the personal representative of Tyrone, brought a wrongful death action against Southern Rock, alleging that Southern Rock’s failure to erect guardrails, barricades, and/or other safety devices on Government Boulevard where it crosses Eslava Creek caused the decedent’s death. She alleged that Southern Rock had a duty to erect such safety devices and that its failure to do so constituted negligence and/or breach of contract.
Southern Rock moved for a summary judgment, which was entered by the trial court. Millender appeals.
*1356 A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant. Fincher v. Robinson Bros. Lincoln-Mercury, Inc., 583 So.2d 256 (Ala.1991). The present action was filed after June 11, 1987; therefore, the applicable standard of review is the “substantial evidence rule.” See § 12-21-12, Ala.Code 1975. “[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Millender alleges two causes of action: one based on breach of contract and one based on negligence. The breach of contract action involves the alleged breach of the employment contract between the Army Corps of Engineers and Southern Rock. Specifically, Millender alleges that the general public was a third-party beneficiary to the contract between Southern Rock and the Army Corps of Engineers.
To support her contention, she cites this Court to those provisions of the contract related to safety requirements and accident prevention. For example:
“Warning signs shall be placed to provide adequate warning of hazards to workers and the public. Signs shall be removed or covered when the hazards no longer exist.
[[Image here]]
“The Contractor shall, without additional expense to the Government, be responsible for obtaining any necessary licenses and permits, and for complying with any Federal, State, and municipal laws, codes, and regulations applicable to the performance of the work. The Contractor shall also be responsible for all damages to persons or property that occur as a result of the Contractor’s fault or negligence, and shall take proper safety and health precautions to protect the work, the workers, the public, and the property of others.
[[Image here]]
“56. ACCIDENT PREVENTION (ALTERNATE I) (1984 APR) FAR 52.236-13
“(a) In performing this contract, the Contractor shall provide for protecting the lives and health of employees and other persons; preventing damage to property, materials, supplies, and equipment; and avoiding work interruptions. For these purposes, the Contractor shall—
“(1) Provide appropriate safety barricades, signs, and signal lights....”
This Court has stated, however, that such a construction contract does not give the general public a right of enforcement. In Evans v. Patterson, 269 Ala. 250, 112 So.2d 194 (1959), this Court stated that the plaintiff was entitled to the duty of care indicated in the contract between the State Highway Department and the contractor, which in that case included placing warning signals at a dangerous intersection of a highway constructed by the defendant contractor and an existing state highway. The contract between the State Highway Department and the defendant contained the following provisions:
“ ‘The contractor shall take all necessary precautions for the protection [and] safety of the public.
“When such opening to traffic is required or permitted by the engineer, the contractor shall make such provisions for the safety of the public as herein specified.
“Whenever traffic is maintained through or over any part of the project the contractor shall clearly mark all traffic hazards.
“Also, without extra compensation, the contractor shall provide suitable ... or other danger signs.
“And shall take all necessary precautions for ... the safety of the public.’ ”
Id., 269 Ala. at 254, 112 So.2d at 197.
The Court went on to hold:
*1357 “Of course the plaintiff has no right to sue on the contract. That is an agreement between the State of Alabama and the contractor. The various items in the contract to which the court is referring may be looked to to determine whether there was any duty on the part of the defendant to the plaintiff and as we have undertaken to show, there was a duty, until performance of the contract was accepted, on the contractor to put warning signs at the dangerous intersection involved in this case.”
Id., 269 Ala. at 267, 112 So.2d at 200.
Millender argues that certain provisions in Southern Rock’s contract — stating that Southern Rock is to provide protection for the lives and health of “employees and other persons” and that it is to provide adequate warnings of hazards to “workers and the public” — are similar to those in Evans and create a right of action in her decedent as a third-party beneficiary. As stated above, the provisions of the contract are enforceable only as between the parties to the contract. It is not a third-party beneficiary contract, intended for the benefit of persons such as Millender’s decedent. Under Alabama law, as stated in Evans, Millender has no right to sue on the contract between the Army Corps of Engineers and Southern Rock. The provisions at issue, however, may be evidence of the scope of Southern Rock’s common law duty.
The common law duty applicable in Alabama has been stated as follows:
“[A]ll the cases ... in which a party is sought to be charged on the ground that he has caused a way or other place to be incumbered or suffered it to be in a dangerous condition, whereby accident and injury have been occasioned to another, turn on the principle that negligence consists in doing or omitting to do an act by which a legal duty has been violated.”
Wunderlich v. Franklin, 100 F.2d 164, 166-67 (5th Cir.1938), cert. denied, 307 U.S. 631, 59 S.Ct. 834, 83 L.Ed. 1514 (1939). Stated differently, Millender, in order to recover, must show that Southern Rock had a legal duty, voluntarily assumed or arising at common law, to place a guardrail on Government Boulevard and that its failure to place the guardrail caused the death of her decedent.
The contract provides for improvements in the creek downstream from the Eslava Creek bridge/culvert. Because the work did not involve Government Boulevard, the shoulder of the highway, or the culvert, the parties to the contract, Southern Rock and the Army Corps of Engineers, agree that the safety provisions of the contract did not extend to the Eslava Creek bridge. Therefore, under the terms of the safety provisions in the contract, Southern Rock did not voluntarily assume a duty to erect a guardrail along Eslava Creek bridge.
As to whether Southern Rock had a common law duty to erect the guardrail, we must also answer that it did not. Millender does not contend that Southern Rock in any way caused a hazard that contributed to the accident that took the life of her decedent. Nor does she contend that the work performed by Southern Rock created a hazard on the bridge/culvert. Also, her expert, as well as those provided by Southern Rock, conceded that no guardrail had ever been placed on that part of Government Boulevard. Because the work of Southern Rock did not create or enhance a hazardous situation on the bridge/culvert or on that portion of the creek bed where the car came to rest, we are compelled to hold that Southern Rock did not owe a duty to place a guardrail on the bridge/culvert.
The summary judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON and STEAGALL, JJ., concur.
ADAMS, J., concurs in the result.