(124 So. 876)

### UNION INDEMNITY CO. v. HANDLEY.
#### (5 Div. 26.)

Supreme Court of Alabama. Oct. 17, 1929.

Rehearing Denied Dec. 19, 1929.

Dickinson & Dickinson, of Opelika, for appellant.

Denson & Denson, of Opelika, for appellee.

SAYRE, J. W. W. Hicks, doing business as the Hicks Contracting Company, entered into a contract with the state for the construction of a highway from Roanoke to Wedowee. He furnished bond, with appellant, Union Indemnity Company, as surety, for the performance of his contract. One special provision of his contract was as follows:

"Payment for labor, materials and supplies. The contractor agrees that he will pay all sums which may be due for labor in the performance of this contract, and for materials and supplies used in its performance as the same become due."

The bond to secure performance of the contract, with appellant as surety, provided:

"The said principal and sureties both agree as part of this obligation to pay all damages of any kind to person or property that may result from a failure in any respect to perform and complete said contract, and guarantee the payment of such sums due for labor, materials and supplies used in the performance of this contract as set forth under special provisions."

Before completing the highway contracted for, Hicks defaulted, and appellant, defendant in the trial court, took over the contract and completed the work. Plaintiff in the suit here under review recovered judgment for, as he alleged in his complaint, "materials and supplies employed or used in the performance" of the contract and furnished by him and by others who had assigned their claims to him. These materials and supplies, if such they are due to be called, may be described as follows: Food for laborers, feed for mules, clothing (including shoes) bought by Hicks and furnished to laborers, tobacco, cigarettes, small tools, such as axes, hammers, and pick handles, harness for mules, and small articles, such as soap, cups, tubs, buckets, brooms, and spoons. The question presented for decision is whether appellant, as guaran-

tor, should be required to pay for the articles named, and the like, as being "materials and supplies" within the meaning of the contract by which appellant bound itself, that is, materials and supplies used in the performance of the contract for the performance of which Hicks bound himself as principal, defendant as surety or guarantor.

There are many decisions on the question here presented in some one or other of its aspects. They are in a great state of confusion and conflict. Two opinions by this court have discussed the question, and, in so far as they are applicable, have now been followed. Union Indemnity Co. v. McQueen, Smith Farming Co., 217 Ala. 35, 114 So. 415, and Union Indemnity Co. v. State, for Use of R. S. Armstrong, 218 Ala. 132, 118 So. 148. The contract here is just what it was in those cases. There is no occasion to doubt that the contractor's bond became liable for the value of materials incorporated in the body of the construction contracted for, viz. steel, lumber, cement, sand, etc. The articles here in dispute are of a different character and use. They are not bodily incorporated in the construction, but as the means or vehicle of contributing energy they are, as we think we may safely say, quite as essential, with one exception, to road construction as the materials which are bodily incorporated therein. Many courts have so ruled, and this court in the cases to which we have referred has held, in the first named case, that: "First, piling and sway braces used for scaffolding in the river to support the men at work and the materials of the superstructure while being constructed"—in that case a river bridge—"This material, usually abandoned on completion of a bridge of this character, may be considered under the evidence as consumed in the using, and not a part of the contractor's general equipment. Second, ferriage in transporting men and material from one side of the river to the other in the course of the construction work. Third, hire of man, team and wagon for hauling machinery, timbers, and supplies for the contractor in connection with the building of the bridge" come within the "supplies" covered by the bond, and in the second named that claims for the rentals of equipment used in the construction of the bridge were covered by the bond, but that a claim for the repair of a hoisting engine and freight bill incident to its return to the contractor were not so covered. The principle of these decisions, if to be further followed, would require a decision here affirming the judgment of the trial court.

As for the items of tobacco and cigarettes, the court is unable to deny that these articles too may have contributed something to the human energy put into the construction of this road by the employés of the contractor, and hence were worth paying for, and their reasonable price a proper charge against the liability assumed by the appellant company.

The conclusion is that the judgment should be affirmed.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.