(127 So. 204)

**UNION INDEMNITY CO. v. STATE, for Use of BEASLEY.**

8 Div. 107.

Supreme Court of Alabama.

March 20, 1930.

**2**

London, Yancey & Brower and J. K. Jackson, all of Birmingham, for appellant.

J. G. Rankin, of Athens, for appellee.

THOMAS, J.

The bill of exceptions does not purport to contain all the evidence and does not so recite.

The complaint declares for labor, material, and supplies furnished an original contractor. The recent cases pertinent, and being suits against sureties and principals, are Union Indemnity Co. v. Handley (Ala. Sup.) 124 So. 876 :[1] Union Indemnity Co. v. State. for Use of R. S. Armstrong & Bro. Co., 218 Ala. 132, 118 So. 148; Pettus v. Dudley, 218 Ala. 163, 118 So. 153; Union Indemnity Co.. v. State, for Use of McQueen Smith Farming Co., 217 Ala. 35, 114 So. 415; and the case for labor,

[1] 220 Ala. 292.

material, and supplies furnished the subcontractor is reported as State, for the Use of C. D. Wadsworth & Co., v. Southern Surety Co., post, p. 113, 127 So. 805.

The first assignment of error is for sustaining demurrer to plea No. 2. The plea construed against the pleader is not that final settlement was made on April 23, 1928, but avoids such averment of fact. It merely alleges that the date of the final settlement of said contract was on, to wit, the 23d day of April, 1928, but that the claim of the plaintiff was not presented to the state highway engineer *before said date*, and therefore plaintiff cannot recover. The plea should not have introduced an ambiguity as to when the final settlement was actually made and that the claim was not presented before such settlement. The second ground of demurrer was properly sustained.

The refused charges assigned as error challenged the refusal of the charge requested by defendant surety company that plaintiff could not be awarded damages by way of interest on the amount, except from date "upon which demand for the payment of his claim was made upon the defendant"; and in instructing the jury that "if you find that the plaintiff is due any sum by reason of the matters and things so stated to you, then gentlemen, if you find it was due at a certain time, then the plaintiff would be entitled to interest at eight per cent from the time you find that the account became due—from the time he was entitled to have it paid up to this date, and you would include the interest in your verdict that you render. In other words you would give a verdict for such one sum." The instruction of the trial court in the general charge last quoted is in accord with the law in such matter as to interest (National Surety Co. v. State, 219 Ala. 609, 614, 123 So. 202); and as to undisputed and liquidated items of the various claims, interest is to be counted from the date when by the several contracts the demands should have been paid by the principal—"accrues only from the time the principal (sum) is due and payable." Robinson v. United States (C. C. A.) 251 F. 461, 468, 469; Ætna Life Ins. Co. v. Wade, 210 Ala. 170, 97 So. 636; Vincent v. Gilmer, 51 Ala. 387; section 8564, Code. The oral charge fixed the time interest began to run as that when plaintiff was entitled to recover—"entitled to have it paid up to this date." This is the rule as to interest against the principal and his surety.

Refused charge 5 was misleading for the reason that the plaintiff, without contradiction by other evidence or inferences therefrom, testified that no demand was ever made on the surety company for payment.

When the penalty of a bond is sufficient, the plaintiff is entitled to recover such in-

terest as might have been recovered against the principal. That is the effect of our statute and decisions. Section 8564, Code; National Surety Co. v. State; Ætna Life Ins. Co.' v. Wade; Vincent v. Gilmer, supra. Such are the general authorities. McPhee v. United States, 64 Colo. 421, 174 P. 808 (from date of breach of contract); Fidelity & Deposit Co. v. United States for the use of Bowden (C. C. A.) 229 F. 127, 130 (from date of failure of principal to make payment); Robinson v. United States (C. C. A.) 251 F. 461, 468 (where the claims were unliquidated from date of judgment); Pederson v. United States (C. C. A.) 253 F. 622, 625 (interest from time the demand or claim became due).

[5] And it may be further said that in determining questions of interest, the law of the state is controlling, where the bond is executed and is to be effective, and the work to be performed or official act to be indemnified.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

