W. T. MURPHY, doing business as Murphy Const. Co., and AMERICAN SURETY CO. OF NEW YORK v. STATE, *ex rel.* GEM CITY BUILDERS SUPPLY CO.

155 So. 122.

Opinion Filed May 30, 1934.

*Giles & Gurney,* for Plaintiffs in Error;

*J. V. Walton,* for Defendant in Error.

DAVIS, C. J.—This was a suit on a public contractor's bond executed pursuant to Section 5397, C. G. L., 3533, R. G. S. The bond was conditioned that the obligor would make payment "to all persons supplying him (the contractor), or

them (sub-contractors), labor, materials, and supplies used directly or indirectly by said contractor, contractors, sub-contractor, or sub-contractors, in the prosecution of the work provided for in said contract or written agreement." Recovery was allowed to the plaintiff in the sum of $375.45. Writ of error brings the judgment here for review.

The declaration alleges that the materials described in the declaration and specifically in the bill of particulars form an integral part of the road construction work described in the contract and that said materials were necessarily involved in said work. The materials and supplies for which recovery was allowed were divided into two general classes as follows: (a) nails, washers, axes, bolts, stove pipes, spoons, levels, frying pans, dishes and lanterns; (b) bridles, horse collars, hames, hame straps, mule collars, check lines, and other items of harness. The defendant's plea put the allegations of the declaration in issue, which upon a trial before a jury was found in favor of the plaintiff.

Whether or not particular items of the character that were involved in this case should be classified as "materials and supplies" on the one hand, or "equipment" on the other, must be determined according to their inherent nature and the purpose for which they were procured, and not by the circumstance alone that they do or do not outlast the job. The Supreme Court of Alabama has held a claim for small tools, such as axes, hammers and pick axes and harness for mules may properly come under a statute such as that above cited, which prevails in Florida. See Union Indemnity Co. v. Handley, 220 Ala. 292, 124 Sou. Rep. 876; United States Fidelity & Guaranty Co. v. Benson Hdwe. Co., 222 Ala. 429, 132 Sou. Rep. 622.

On the authority of the reasoning employed in the Alabama cases just cited, we are of the opinion that the judg-

ment in the present case must be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.