**CHARLES R. SHEPHERD, INC., and United States Casualty Company, Appellants,**

v.

**UNITED STATES of America for the Use and Benefit of SULLIVAN, LONG & HAGERTY, INC., Appellee.**

**No. 18634.**

United States Court of Appeals
Fifth Circuit.

June 23, 1961.

William E. Johnston, Dan T. McCall, Jr., Johnston & Johnston, Mobile, Ala., for appellants.

J. Edward Thornton, by Thornton & McGowin, Mobile, Ala., for appellee.

Before RIVES, CAMERON and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

This is an action on a Miller Act [1] bond by a subcontractor (Long) against a general contractor (Shepherd) and his surety. Long's subcontract provided for payment in ten installments, each payment to be made "within five days after

1. 40 U.S.C.A. §§ 270a and 270b.

receipt by Shepherd from the contracting officer of payment for the work performed by Long." As work under the subcontract progressed, the dates between the times Shepherd was paid and when he in turn paid Long became progressively longer. The final payment by the Government to Shepherd for Long's work, amounting to $35,470.60, was released to Shepherd on October 20, 1958. Shepherd turned over less than half this sum to Long on August 3, 1959, almost nine months after its payment was due. Its patience tried to the breaking point, Long filed this action on October 2, 1959. Long claimed an amount equal to the principal payments which were due and unpaid, plus interest on all principal payments which were made after the dates on which they were due. The district court granted summary judgment for Long in the amount of $25,640. This appeal is concerned solely with what Shepherd treats as the interest component of that judgment.

■■ Liability for interest in a suit under the Miller Act is determined by state law. See United States for Use and Benefit of Caldwell Foundry & Machine Co. v. Texas Construction Co., 5 Cir., 1955, 237 F.2d 705, 707. The law of Alabama provides that interest begins to run against the surety from the day it begins to run against his principal. See Union Indemnity Co. v. State, 1930, 221 Ala. 1, 127 So. 204.

■ Shepherd contends that by accepting the payments of principal, even though late, Long's claim to interest was extinguished. The general principle on which Shepherd relies is well stated in an annotation in 100 A.L.R. 105:

"The general rule is also well settled that where the contract is silent as to interest so that, if it can be recovered at all, it is an incident of the debt sued for and only as damages to make good to the creditors the loss he has sustained by reason of breach or default, an action to recover it cannot be maintained after the payment of the principal, as such interest cannot exist without the debt, and the debt being extinguished the right to claim interest must necessarily be extinguished also."

We think this principle is inapplicable to the case at bar for two reasons: (1) In none of the cases which have adopted Shepherd's theory has the claim for interest been based on a statute. Here, Long's claim for interest is based on Title 9, Code of Alabama, Section 62, which provides: "All contracts, express or implied, for the payment of money * * * bear interest from the day such money * * * should have been paid * * *." No case cited by Shepherd holds that a claim for interest based on a statute, which claim has not been clearly waived, is extinguished by the acceptance of payment of the principal amount. In such a case, there is no conceptual difficulty in saying that the debt for interest exists independently of the principal obligation.[2] (2) Under the law of Alabama, the principal indebtedness has not been paid, and legally no part of the judgment consists of interest. This is so by virtue of Title 9, Code of Alabama, Section 64,[3] which provides: "When partial payments are made, the interest due is first to be paid, and the balance applied to the payment of the principal."

■ The final point with which we must deal is Long's claim that ten per cent damages be assessed against Shepherd pursuant to Title 7, Code of Alabama, Section 814.[4] While we have held

2. See National Bank of Commonwealth of New York City v. Mechanics' Nat. Bank, 1877, 94 U.S. 437, 24 L.Ed. 176; Girard Trust Co. v. United States, 1926, 270 U.S. 163, 46 S.Ct. 229, 70 L.Ed. 524.

3. See De Moville v. Merchants & Farmers Bank, 1939, 237 Ala. 347, 186 So. 704.

4. "§ 814. *Judgment of affirmance on supersedeas.*—When a judgment or decree is rendered for money, whether debt or damages, and the same has been superseded on appeal by the execution of

that, " * * * in suits under the Miller Act, the recovery of interest, costs and attorney's fees is governed by the state law," [5] we did not intend that damages such as Long prays we assess should be encompassed by the term "costs," as there used. Nor do we consider that the practice in affirmances by this Court has been settled in Gordon v. Third Nat. Bank, 5 Cir., 1893, 56 F. 790, 796, or in White v. Bruce, 5 Cir., 1901, 109 F. 355, 365, 366. For the following reasons, we think that the "ten percent damages" provided by this Section should *not* be allowed upon affirmance of a judgment under the Miller Act.[6] First, Section 814 and the succeeding two sections, 815 and 816, seem to be tailored to fit the several kinds of supersedeas bonds provided for in Alabama by Sections 793, 794, and 795 of the same Title, and, hence, not to be in accord with appellate procedure in the federal courts. Second,

as the terms are ordinarily used, this Court has broad discretion in apportioning delay "damages" and "costs." [7] Under the Alabama statute, there is no provision for apportioning the ten per cent addition and therefore no room is left for the exercise of discretion by this Court.[8] Third, costs are usually considered to be allowances for the purpose of *reimbursing* the "successful party for expenses incurred in prosecuting or defending an action * * *." [9] Here appellee has made no expenditure for which it claims reimbursement. Fourth, the Alabama Supreme Court has noted that " * * * this statute * * * [§ 814] was evidently intended to penalize frivolous or delay appeals * * *." [10] That this ten per cent penalty is not a proper item to be included in "costs" is made clear in Weiner v. Swales, 1958, 217 Md. 123, 141 A.2d 749, 750, where the Court said, "costs * * * are given by

bond, with surety, if the appellate court affirms the judgment of the court below, it must also render judgment against all or any of the obligors on the bond, for the amount of the affirmed judgment, ten percent damages thereon, and the costs of the appellate court; and upon the appeal of any judgment or decree rendered for any amount of commissions, fees, or compensation fixed, or determined by the trial court and taxed or allowed as costs, if the appellate court affirms the judgment or decree of the court below, and the payment thereof has been superseded on such appeal, judgment shall be rendered by the appellate court against all or any of the obligors on the bond for the amount affirmed, ten percent damages thereon, and the costs of the appellate court; provided, however, if no supersedeas has been executed on such appeal, the appellate court in the event of affirmance shall increase the amount so allowed as costs by the court below in the judgment or decree appealed from by adding thereto ten percent damages thereon, and the costs of the appellate court."

5. United States for Use and Benefit of Caldwell Foundry & Machine Co. v. Texas Construction Co., 5 Cir., 1955, 237 F.2d 705, 707.

6. By way of precaution, we note that this is not a diversity case, but that federal jurisdiction is conferred by 40 U.S.C.A. § 270b. We intend no intimation as to whether the Erie doctrine (Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188) might require a different result in diversity cases.

7. "In all cases where an appeal shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out merely for delay, damages at a rate not exceeding 10 per cent, in addition to interest, shall be warded upon the amount of the judgment." Rule 30, subd. 2, Rules of the Fifth Circuit Court of Appeals, 28 U.S. C.A.
"In all cases of affirmance of any judgment or decree in this court, costs shall be allowed to the appellee, *unless otherwise ordered by the court.*" (Emphasis added.) Rule 31, subd. 2, Rules of the Fifth Circuit Court of Appeals.

8. Compare Humphreys v. Thompson, Miss. 1930, 130 So. 152, 153.

9. See, inter alia, Stevens v. Central National Bank, 168 N.Y. 560, 61 N.E. 904, 906.

10. Montgomery Light & Water Power Co. v. Thombs, 1920, 204 Ala. 678, 684, 87 So. 205, 211.

law as an indemnity and not imposed as a punishment upon one who pays them * * *." 11

Under Rule 30, subd. 2 of this Court, quoted in note 7, supra, this Court exercises a discretion in imposing damages at a rate not exceeding ten per cent when the appeal appears to have been sued out merely for delay. We think that this appeal was taken and prosecuted in good faith, and that no such damages should be awarded.

The judgment of the district court is therefore

Affirmed.

11. The Maryland Court of Appeals was paraphrasing a statement in Hayman v. Morris, Sup.1942, 37 N.Y.S.2d 884, 891.