Joseph H. PROCTOR, as Administrator, c/t/a of the Estate of Pinkie Sutton, Deceased, Plaintiff-Appellee,

v.

J. C. GISSENDANER, Defendant-Appellant.

No. 76–4239.

United States Court of Appeals, Fifth Circuit.

Jan. 2, 1979.

---

4. Mrs. Hall's testimony as to threats made by an FBI agent were not credited by the district court and are given no credence here.

1. Harmless error beyond reasonable doubt, since constitutional issues are involved, *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

J. Gorman Houston, Jr., Eufaula, Ala., for defendant-appellant.

Robert B. Albritton, William Harold Albritton, Andalusia, Ala., for plaintiff-appellee.

Before TUTTLE, GEE and FAY, Circuit Judges.

PER CURIAM:

The sole question before us is whether Title 12, Code of Alabama, Section 12–22–72 (1975) is applicable in a diversity case by virtue of the Erie doctrine.[1] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This action is the product of our previous decision in *Proctor v. Gissendaner*, 579 F.2d 876 (5th Cir. 1978). In that case, this Court, applying Alabama law, affirmed a District Court award of $40,000 in favor of plaintiff, *administrator cum testamento annexo* of the estate of Pinkie Sutton, for damages due to slander of title.

Comes now the successful plaintiff-appellee seeking an additional $4,000 assessment against appellant pursuant to Title 12, Code of Alabama, Section 12–22–72 (1975), which provides in relevant part:

> When a judgment or decree is entered or rendered for money, whether debt or damages, and the same has been stayed on appeal by the execution of bond, with surety, if the appellate court affirms the judgment of the court below, it must also enter judgment against all or any of the obligors on the bond, for the amount of the affirmed judgment, 10 percent damages thereon, and the costs of the appellate court . . . .

---

1. This question was explicitly reserved by this Court in an earlier opinion construing Title 7, Code of Alabama, Section 814, the predecessor of Title 12, Code of Alabama, Section 12–22–72 (1975). *Shepherd v. United States*, 292 F.2d 146, 148 n.6 (5th Cir. 1961).

We note that the ten percent allowance provided for in § 12–22–72 cannot be considered "costs" or "fees". *See Shepherd v. United States,* 292 F.2d 146, 148–49 (5th Cir. 1961) (costs are given by law as an indemnity and not imposed as a punishment upon one who pays them). Rather, the Alabama legislature has enacted a statutorily mandated penalty of 10% to be assessed against an unsuccessful appellant where the judgment has been affirmed on appeal, and the lower court's judgment had been superseded by the execution of bond, with surety. *City of Birmingham v. Bowen,* 254 Ala. 41, 47 So.2d 174 (1950).

In diversity cases, federal courts are Erie-bound to apply the substantive law of the forum state. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Here there can be no doubt that we are dealing with an Alabama-created, non-federal substantive matter. Accordingly, this Court is bound to apply Alabama law.

The Supreme Court of Alabama, has stated that the criteria for determining when an appellee is entitled to the 10% penalty are:

> ". . . . (1) a moneyed judgment or decree; (2) that it is superseded on appeal by bond; (3) and an affirmance of that judgment on appeal. The only province of this court is to determine whether those conditions exist. When so, we have no discretion."

*Chapman v. Rivers Construction Co.,* 284 Ala. 633, 644, 227 So.2d 403, 414 (1969).

In this case, the district court entered a money judgment against the defendant-appellant. After the posting of bond pending appeal, this court affirmed the judgment of the trial court. Consequently, under Alabama law, appellee is entitled to the assessment of a 10% ($4,000) penalty against appellant.

Therefore, in accordance with this opinion, the applicable Alabama statute mandates that judgment shall be entered assessing a penalty of four thousand dollars against appellant. IT IS SO ORDERED.