Nevel A. WALTERS and Mrs. Delphia Walters (Nevel A. Walters, et al., survivors of Mrs. Delphia Walters, deceased), Plaintiffs-Appellants,

v.

INEXCO OIL COMPANY, a Delaware Corporation, Defendant-Appellee.

No. 81–4311

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 2, 1984.

Leonard B. Melvin, Jr., Laurel, Miss., for plaintiffs-appellants.

S. Wayne Easterling, Carey R. Varnado, Hattiesburg, Miss., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

We must decide whether Section 11–3–23, *Mississippi Code Annotated,*[1] which imposes a penalty on an unsuccessful appellant, applies in a federal diversity case, and if so, whether the penalty should be applied in this case at the old 5% rate or at the revised 15% rate. Because we found no clear controlling precedent in decisions of the Supreme Court of Mississippi as to the intended reach of the penalty statute or the nature of the policies it furthers, we certified[2] the case to the Mississippi Supreme Court.[3] *Walters v. Inexco Oil Co.,* 670 F.2d 476 (5th Cir.1982).

The Supreme Court of Mississippi has now answered these questions, indicating that nothing in the legislative intent or policies underlying the appeal penalty statute is inconsistent with a federal court applying the statute in a diversity case. The Mississippi Court also held that the old 5% penalty rate would apply in this case. *Walters v. Inexco Oil Co.,* 440 So.2d 268. Thus, the Mississippi Court gave us what sightings it could. Nevertheless, it reminded us that in plying the *Erie* waters, the federal Rules of Decision Act, 28 U.S.C. § 1652, ultimately governs our voyage; we are masters of our ship and must, despite the oscillating readings of the *Erie* doctrine compass and the distractions from the sirens of "substance" and "procedure," navigate our own course. Accepting the challenge with this help from Mississippi, we blend the no longer muddy waters of the Mississippi statutory policy with our own *Erie* policies to achieve, we hope, a marriage of waters.

Because the answers to certification by the Mississippi Supreme Court foreclose any construction of the Mississippi statute that would distinguish it from the analogous Alabama statute that this Court applied in *Proctor v. Gissendaner,* 587 F.2d 182 (5th Cir.1979), we hold that the Mississippi statutory penalty for unsuccessful appeals is applicable to this diversity suit in federal court.

Nevel A. Walters and his wife brought an action for personal injuries and loss of consortium against Inexco Oil Company in fed-

---

1. Prior to July 1, 1980, Miss.Code Ann. § 11–3–23, in pertinent part, read as follows:

   In case the judgment or decree of the court below be affirmed, ..., the Supreme Court shall render judgment against the appellant for damages, at the rate of five percent (5%), as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum....

   Effective July 1, 1980, the five percent (5%) penalty provided in the statute was increased to fifteen percent (15%). Miss.Laws of 1980, ch. 533, § 1.

2. The questions this Court certified to the Mississippi Supreme Court were:

   1. Does Section 11–3–23, *Mississippi Code Annotated,* apply only to appeals to the Supreme Court of Mississippi from another court in the state system; or, is Section 11–

3–23, *Mississippi Code Annotated,* general in nature so as to establish a "substantive" rule of damages which a federal court, sitting in diversity, must apply?

   2. If the answer to the above question is in the affirmative, does the amended Section 11–3–23, which substitutes 15% for the 5% figure, apply, or does the 5% figure apply?

3. This Court has long advocated the use of certification, having certified cases to the Mississippi Supreme Court. *Anderson v. Jackson Municipal Airport Authority,* 645 F.2d 401 (5th Cir.1981); *First National Bank of Columbus v. Drummond,* 642 F.2d 181 (5th Cir.1981). *See* J. Brown, *Fifth Circuit Certification—Federalism in Action,* 7 Cumberland L.Rev. 455 (1977) and the numerous cases cited in *In re McClintock,* 558 F.2d 732, nn. 2–4 & 5 (5th Cir.1977).

eral court, invoking diversity of citizenship jurisdiction, 28 U.S.C. § 1332. The District Court gave judgment in favor of the Walters for $534,116.54 and $50,000, plus interest, respectively. *Walters v. Inexco Oil Company,* 511 F.Supp. 21 (S.D.Miss.1979). This Court affirmed. *Walters v. Inexco Oil Company,* 632 F.2d 891 (5th Cir.1980), *cert. denied,* 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 200 (1981).

The District Court denied a motion by the Walters to assess a statutory penalty pursuant to Section 11–3–23, *Mississippi Code Annotated,* against Inexco for subjecting them to an unsuccessful appeal. The District Court cited *Proctor v. Gissendaner, supra,* wherein this Court held that a similar Alabama statute[4] providing a penalty against unsuccessful appellants constituted a "substantive" rule that would be applied in federal diversity cases. The District Court pointed out that the Alabama statute provided a 10% penalty for unsuccessful appeals in "the appellate court," whereas the Mississippi statute referred to appeals to the "Supreme Court." Thus, the District Court distinguished the Mississippi statute, holding that it applies only to appeals to the state supreme court and "cannot be construed to be general in nature."

In response to our certification, the Mississippi Supreme Court explained that the penalty also applies to appeals taken to Mississippi circuit courts from county courts, *Miss.Code Ann.* § 11–51–79 (Supp. 1982); *Johnson Limited, Inc. v. Signa,* 410 So.2d 1320 (Miss.1982), and that when a case fits within the statute, the assessment of the penalty is mandatory, not discretionary. *Lowicki v. Lowicki,* 429 So.2d 917 (Miss.1983); *Hart v. Catoe,* 393 So.2d 1346, 1347 (Miss.1981). Moreover, the Mississippi Court explained that "in the present context, the United States Court of Appeals

for the Fifth Circuit and this Court occupy equivalent positions—we are the appellate courts charged to hear direct appeals as of right." This answers our initial concern by establishing that the language of the statute referring to appeals decided by the "Supreme Court" was not intended to *exclude* appeals to other courts.

Although disparaging the "substantive-procedural" distinction as a means of parting the *Erie* waters, the Mississippi Court explained the policies underlying Section 11–3–23 in a manner helpful to us both in assessing the impact of Section 11–3–23 on the policies of this Court and in our own use of the "substantive-procedural" shibboleths. The penalty statute, the Mississippi Court explained, expresses the State's interest in discouraging unfounded appeals. This, we are told, protects potential appellees and also the caseload of the Mississippi appellate courts. Our own Federal Rule of Appellate Procedure 38 expresses a similar policy of discouraging frivolous appeals,[5] albeit one that is not so mechanically enforced. Moreover, this Court has an interest in preventing the frivolous appeals that Section 11–3–23 shoos from the doorways of the Mississippi courts from freeloading onto our own docket as an alternative.

The Mississippi Supreme Court has also expressly asserted that Section 11–3–23 provides "a measure of compensation for the successful appellee, compensation for his having endured the slings and arrows of successful appellate litigation." Thus, the ordeal of defending an appeal is viewed by Mississippi law as an injury to the appellee. Following this reasoning, application of the statute in this Court as redress for that injury is merely recognizing and applying a Mississippi cause of action. Thus, if it is necessary to categorize the statute, as a prelude to either spurning or embracing it

---

**4.** Title 12, Code of Alabama, Section 12–22–72 (1975) provides in relevant part:

When a judgment or decree is entered or rendered for money, whether debt or damages, and the same has been stayed on appeal by the execution of bond, with surety, if the appellate court affirms the judgment of the court below, it must also enter judgment against all or any of the obligors on the bond, for the amount of the affirmed judgment, 10 percent damages thereon, and the costs of the appellate court . . . .

**5.** F.R.A.P. 38 provides:

*Damages for Delay*

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

in diversity, we can confidently say that Section 11–3–23 bears the proper "substantive" credentials and may accordingly enter the sanctuary of this forum. *Proctor v. Gissendaner,* 587 F.2d 182, 183 (5th Cir. 1979).

We regard the question of which appeals are within the new increase of the penalty from 5% to 15% to be a question of purely state law. The Mississippi Supreme Court has answered that the 15% rate, which took effect on July 1, 1980, applies to appeals of judgments rendered on or after that date. Because the judgments in this case were rendered on May 2, 1979, and the decision to appeal or not appeal could have been made at that time, the 5% penalty applies to both judgments. Accordingly, the case is remanded to the District Court for entry of judgment in accordance with this opinion.[6]

REVERSED AND REMANDED.

6. We have granted the motion suggesting the death of plaintiff-appellant, Mrs. Delphia Walters, and requesting substitution of her heirs as parties.