**AFFHOLDER, INC., a Missouri Corporation, Plaintiff-Appellee,**

v.

**SOUTHERN ROCK, INC., a Mississippi Corporation, Defendant-Appellant.**

No. 83–4420.

United States Court of Appeals, Fifth Circuit.

Nov. 16, 1984.

See also, 5 Cir., 736 F.2d 1007.

Butler, Snow, O'Mara, Stevens & Cannada, Thomas W. Prewitt, Luther T. Munford, Jackson, Miss., for defendant-appellant.

Campbell & DeLong, Fred C. DeLong, Jr., Greenville, Miss., Alan E. Popkin, St. Louis, Mo., for plaintiff-appellee.

Before CLARK, Chief Judge, RUBIN and POLITZ, Circuit Judges.

*On Motion to Assess Damages
for Appeal*

ALVIN B. RUBIN, Circuit Judge:

The appellee, Affholder, having prevailed in this diversity case, seeks to recover 15% of its judgment, in addition to the judgment amount, under a Mississippi statute that assesses such a fixed penalty against a litigant who unsuccessfully appeals. We conclude that Fed.R.App.P. 38 precludes such an automatic deterrent to the right to appeal and allows a federal appellate court to chasten an unsuccessful appellant only when it finds an appeal to be frivolous. In doing so, we decline to follow a prior decision by a panel of this circuit holding the Mississippi statute applicable in federal diversity cases because that decision was rendered without consideration of Rule 38. Finding this appeal not to have been frivolous, we deny the motion to levy a penalty.

## I.

Section 11–3–23 Miss.Code Ann. (Supp. 1982), assesses a penalty of fifteen percent of the judgment against an unsuccessful appellant. In *Walters v. Inexco Oil Co.,*[1] a panel of this circuit held that the state statute applies in federal diversity jurisdiction cases. Another panel had earlier applied a similar Alabama penalty statute in a diversity case.[2] Both of these cases were decided on the authority of *Erie R. Co. v. Tompkins,*[3] which mandates the application of the forum-state substantive law in federal diversity cases. In neither case did counsel direct the court's attention to, nor did either panel consider, the possible application of the Federal Rules Enabling Act,[4] or the effect of the Supreme Court's decision in *Hanna v. Plumer,*[5] which held that, under the Enabling Act, even in a diversity action, the Federal Rules of Civil Procedure govern in federal district courts whenever they plainly conflict with a state statute and the possible application of like reasoning to finding dominance of the Federal Rules of Appellate Procedure in matters of appeal. In opposing Affholder's motion to assess damages under the Mississippi statute, Southern Rock argues that both the Enabling Act and *Hanna* are applicable, and in fact, are controlling on this issue.

The first issue to be resolved is which "rule of decision" applies in this case. Affholder contends that this is "a pure *Erie* question," in that the Mississippi statute creates a substantive right that must be applied in diversity actions. Southern Rock, on the other hand, argues that, because Rule 38 is a valid rule of appellate procedure, *Hanna* requires that the federal rule control the outcome despite the existence of contrary state law. Analysis of *Hanna* and its sequelae persuades us that it provides the relevant mode of analysis.

## II.

■ For purposes of determining their validity and effect with regard to contrary state law, there is no difference between the Federal Rules of Appellate Procedure and the Federal Rules of Civil Procedure. The authority and effect of both sets of rules are identical.[6]

In the absence of jurisprudence dealing with the collision of state laws and federal laws or rules in federal appellate procedure, we turn to *Hanna*'s method of analysis when such a clash emerges in the trial court. Although both *Hanna* and *Erie* address the issue of the applicability of state law in federal diversity cases, each case focuses on a different aspect of the question. In *Erie,* the Supreme Court's concern lay primarily with determining what substantive law a federal court should apply to decisions on the merits when sitting in diversity actions. The Court's resolution of that question is now hornbook law: "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the state."[7] In *Hanna,* the Court again discussed the applicability of state law in diversity cases, but this time it focused its analytical lens on which body of procedural law a federal court should apply. It unequivocally stated that *Erie* did not supply the appropriate test for determining the applicability of a Federal Rule of Civil Procedure, and went on to develop a separate method of analysis for resolving the procedural law issue. In doing so it distinguished *Erie:*

> When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie choice: the court has been instructed to apply the Federal

**1.** 725 F.2d 1014 (5th Cir.1984).

**2.** *Proctor v. Gissendaner,* 587 F.2d 182 (5th Cir. 1979).

**3.** 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**4.** 28 U.S.C. § 2072.

**5.** 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

**6.** *Compare* Fed.R.Civ.P. 1, Advisory Committee's Note 3 *with* Fed.R.App.P. 1, Advisory Committee's Note.

**7.** 304 U.S. at 78, 58 S.Ct. at 822, 82 L.Ed. at 1194.

Rule, and can refuse to do so only if the Advisory Committee, this Court and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.[8]

■ If the federal rule in question is clearly applicable, therefore, the court need not consider whether *Erie* commands the enforcement of an allegedly substantive state rule seemingly in conflict with the federal procedural rule. *Erie* simply no longer provides the relevant inquiry.[9]

The Supreme Court has not departed from this command. Its most recent pronouncement on the applicability of *Hanna* and *Erie* in federal diversity actions is *Walker v. Armco Steel Corp.*[10] The issue presented was whether, in a diversity action, a federal court should follow state law or Rule 3 of the Federal Rules of Civil Procedure in determining when an action is commenced for purposes of tolling the state statute of limitations. The Court traced the development and evolution of both *Hanna* and *Erie*, but focused on the *Hanna* analysis as the starting place for determining the validity and applicability of a federal rule when there is a different state law provision. "The first question must, therefore, be whether the scope of the Federal Rule in fact is sufficiently broad to control the issue before the court. It is only if that question is answered affirmatively that the *Hanna* analysis applies," the Court said.[11] It then added in a footnote:

> This is not to suggest that the Federal Rules of Civil Procedure are to be narrowly construed in order to avoid a "direct collision" with state law. The Federal Rules should be given their plain

meaning. If a direct collision with state law arises from that plain meaning, then the analysis developed from *Hanna v. Plumer* applies.[12]

The *Walker* Court then compared the scope of Fed.R.Civ.P. 3, providing that a civil action is commenced by filing a complaint, with an Oklahoma statute that provided that an action was not deemed to be "commenced" for purposes of the statute of limitations until a summons was served on the defendant. The state statute further provided that, if the complaint was filed within the limitations period, the action was deemed to have commenced on the date of filing if the plaintiff served the defendant within 60 days, even though service occurred after the limitations period had run. The Court found that Rule 3 did not affect the tolling of the statute of limitation, but, in contrast, the Oklahoma statute "[was] an integral part of the several policies served by the statute of limitations."[13] The Court then held that, because the scope of Rule 3 was not broad enough to control the issue before the district court, and because there was no direct conflict between the Federal Rule and the state law, the *Hanna* analysis did not apply and *Erie* required the application of the Oklahoma statute in a federal diversity action.

In contrast to the situation in *Walker*, there is a direct conflict between Rule 38 and the Mississippi statute. Fed.R.App.P. 38 penalizes only the appellant whose appeal is found to be frivolous. The rule is not designed otherwise to deter litigants from exercising their right to appeal. Damages may be imposed only when the appellate court finds "the appeal to be utterly without merit, the appellant's argu-

---

**8.** 380 U.S. at 471, 85 S.Ct. at 1144, 14 L.Ed.2d at 17.

**9.** *Rosales v. Honda Motor Co., Ltd.,* 726 F.2d 259, 260–61 (5th Cir.1984).

**10.** 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

**11.** 446 U.S. at 749–50, 100 S.Ct. at 1985, 64 L.Ed.2d at 667.

**12.** *Id.* at 750 n. 9, 100 S.Ct. at 1985 n. 9, 64 L.Ed.2d at 667 n. 9.

**13.** *Id.* at 751, 100 S.Ct. at 1985, 64 L.Ed.2d at 668.

ments totally unsound, the judges' time and energies wasted, and the appellee put to the inconvenience and expense of employing counsel to resist such a frivolous appeal," as a leading treatise notes it.[14]

The Mississippi statute is also designed to avoid frivolous appeals,[15] but at the same time, it also penalizes those that are merely unsuccessful, even those whose appeal has such merit as to evoke a dissenting opinion. Unlike Rule 38, the Mississippi statute makes the penalty mandatory. The mechanical application of this rule allows for no discretion, and the penalty "must be assessed even though the justness of doing so is not apparent."[16] Regardless of the merits of an appeal, therefore, "the ordeal of defending an appeal is viewed by Mississippi as an injury to the appellee" and its statute, "provides 'a measure of compensation for the successful appellee, compensation for his having endured the slings and arrows of successful appellate litigation.'"[17]

These two rules cannot be reconciled. The federal rule allows the appellate courts to make the determination of when the penalty should apply. It is designed not to discourage appeals that have any reasonable support, but only those without foundation. The Mississippi statute rejects this case-by-case and on-the-merits analysis, and ordains a mandatory penalty rule. In reaching the decision to appeal, an appellant must take into account the penalty that will be exacted if he does not succeed. It thus acts as a deterrent to exercise of the right to appeal. The "plain meaning" of Rule 38, therefore, brings it into "direct collision" with state law, and the analysis developed from *Hanna* must apply.[18]

## III.

If thus applied, would Rule 38 be outside the scope of the Rules Enabling Act or beyond the power of Congress under the Constitution?[19]

The Rules Enabling Act confers upon the Supreme Court the power to prescribe general rules governing practice and procedure in the courts of appeals of the United States in civil actions, and provides that all laws in conflict with those rules shall be of no further force or effect after the rules have taken effect. It prescribes, however, that "such rules shall not abridge, enlarge or modify any substantive right ...."[20] We examine the validity of Rule 38 in two steps: first whether the Federal Rules of Appellate Procedure were properly prescribed by the Supreme Court. Second, we consider whether Rule 38 abridges any "substantive right" created by Mississippi law.

■ As indicated in the Advisory Committee's Note to Rule 1, the Federal Rules of Appellate Procedure were drawn under the authority of four separate statutes that, in combination, "give to the Supreme Court power to make rules of practice and procedure for all cases within the jurisdiction of the courts of appeals." At the same time, these statutes do not give the Court authority to enlarge or diminish the jurisdiction of the courts of appeals. Accordingly, subparagraph (b) of Rule 1 makes it clear that the Appellate Rules are not to be construed either to extend or to limit the jurisdiction of these courts in any way. There seems to be no reason, therefore, to question that the Federal Rules of Appellate Procedure were prescribed by the Supreme Court in the proper manner,

---

**14.** 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure, § 3984 (1977).

**15.** *Walters v. Inexco Oil Co.,* 440 So.2d 268, 274–75 (Miss.1983).

**16.** *Id.* at 275 n. 10.

**17.** *Walters v. Inexco Oil Co.,* 725 F.2d 1014, 1016 (5th Cir.1984), *quoting* the Mississippi Supreme

Court in *Walters v. Inexco Oil Co.,* 440 So.2d 268, 274–75 (Miss.1983).

**18.** *Walker v. Armco Steel Corp.,* 446 U.S. at 750 n. 9, 100 S.Ct. at 1985 n. 9, 64 L.Ed.2d at 667 n. 9.

**19.** *Id.* at 752 n. 14, 100 S.Ct. at 1986 n. 14, 64 L.Ed.2d at 669 n. 14.

**20.** 28 U.S.C. § 2072.

and thus fall within the scope of the Rules Enabling Act.[21]

The more difficult problem is whether Rule 38 abridges any "substantive right" created by the Mississippi statute in the sense that this term is used in the Enabling Act. Although this circuit has held that the rule does confer an *Erie*-type substantive right on successful appellees,[22] we have not previously considered the *Hanna* decision or applied its analysis. This omission constitutes a fundamental flaw in our decisions for several reasons.

■ First, these decisions found the statutes to be "substantive" in the context of only an *Erie* analysis. Considering that the only choice was between categorizing the statute as "substantive" or "procedural" in the *Erie* sense, our earlier decisions declared such a statute to be "substantive" in order to apply it in federal court in a diversity action. As we have already shown here, however, the *Erie* analysis is inapplicable in this situation. Moreover, what is "substantive" for *Erie* purposes, and what is "substantive" for purposes of the Rules Enabling Act are not necessarily the same.[23] While these adjectives are identical, that does not foreclose the possibility that they are used in a different sense in the two contexts.

The Mississippi statute providing for the award of damages upon affirmance of a money judgment was not a part of Affholder's original cause of action. It, therefore, conferred no right that might have been asserted in the complaint or for which judgment might have been rendered in the trial court. The damage claim arises only as an incident of the decision to appeal by Southern Rock. It merely supplies an automatic procedure whereby the appellee may secure damages for defending an appeal.[24] The right, therefore, was not substantive in the sense that it inhered in Affholder's legal claim.

■ If the Mississippi statute were deemed to constitute a "substantive right" as that term is used in the Rules Enabling Act, and thus to defeat the application of Rule 38 in this situation, the overriding purpose of the Act—to provide for a uniform system of practice and procedure in federal courts—would be defeated by the act of a state legislature. As Professors Wright, Miller, and Cooper comment, "whatever the appropriate construction of 'abridge, enlarge or modify' is, it presumably must accommodate the goal of a comprehensive system of procedure and allow for such impingements of substantive rights as are reasonably incidental to significant procedural objectives."[25] The Rules Enabling Act and *Hanna* require us to give the Federal Rule deference and to

---

**21.** 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3947 (1977).

**22.** *Walters v. Inexco Oil Co.,* 725 F.2d 1014, 1016–17 (5th Cir.1984); *See also Proctor v. Gissendaner,* 587 F.2d 182, 183 (5th Cir.1979) (construing a similar Alabama statute).

**23.** *See* 19 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4509 (1902).

**24.** *See Nordmeyer v. Sanzone,* 315 F.2d 780 (6th Cir.1963) (pre-*Hanna* decision refusing to apply a Kentucky penalty statute for being in conflict with Fed.R.Civ.P. 73(d), the predecessor to Fed. R.App.P. 38).

**25.** 19 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4509 p. 146 (1982). The treatise explains:

For the most part, however, the problems of construction posed by the "substantive rights" proviso are problems more for those who draft and promulgate the civil Rules than for the federal courts in the application of the Rules. Each and every Civil Rule, after all, has received extensive consideration by the Advisory Committee, which in the drafting process often works in informal alliance with the Supreme Court and the legal community at large, and has been approved and promulgated by the Court itself. In addition, all Civil Rules are reported to Congress, which then has an opportunity to review them and, if it so desires, to veto them or suspend their effectiveness. By virtue of this process, the Rules, once they have become effective carry a presumptive validity; any possible intrusions upon substantive rights presumably have been thoroughly considered; whatever balancing is required between procedural objectives and substantive policy concerns, it may be assumed, already has been done.
*Id.* at 146–47. *See Hanna v. Plumer,* 380 U.S. at 471, 85 S.Ct. at 1144, 14 L.Ed.2d at 16.

presume both its validity and applicability until its invalidity is demonstrated.

"[T]he constitutional provision for a federal court system (augmented by the Necessary and Proper Clause) carries with it congressional power to make rules governing the practice and pleading in those courts, which in turn includes a power to regulate matters which, though falling within an uncertain area between substance and procedure, are rationally capable of classification as either," the Supreme Court stated in *Hanna*.[26] This places a constitutional imprimatur on Rule 38. Because the Mississippi statute confers no substantive right upon Affholder, there can be no doubt as to the constitutionality of applying the Rule in this instance.

■ For these reasons, we consider Rule 38 applicable and the Mississippi statute superseded by it. *Walters v. Inexco Oil Co.* and *Proctor v. Gissendaner* no longer express the law of the circuit. Mindful of the law of the circuit rule, which forbids one panel to overrule another save when a later statute or Supreme Court decision has changed the applicable law, this opinion has been considered not only by all members of the panels in those two cases but also by all judges in active service who were not members of those two panels. By unanimous agreement the court has sua sponte reconsidered those two opinions, authorized their overruling, and chosen to adhere to this opinion.

The motion for damages filed by Affholder is DENIED.

---

**26.** 380 U.S. at 472, 85 S.Ct. at 1144, 14 L.Ed.2d    at 17.